UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| HEMP QUARTERS 605 LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNOR KRISTI NOEM, IN HER OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF SOUTH DAKOTA; AND ATTORNEY GENERAL MARTY JACKLEY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Defendants. | 3:24-CV-03016-ECS<br><br>RULE 16 SCHEDULING ORDER |

Counsel for the parties have held a planning meeting in compliance with Fed. R. Civ. P. 26(f) and submitted a report thereon. For good cause, it is hereby

ORDERED:

1. The Local Civil Rules of Practice of the United States District Court for the District of South Dakota ("Local Civil Rules") apply to this case where not inconsistent with the Federal Rules of Civil Procedure. Counsel are expected to read the Civil Local Rules of Practice (D.S.D. Civ. LR) and be mindful of the underlying purpose of the Federal Rules of Civil Procedure, as set forth in Rule 1 thereof, "to be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

2. The parties should promptly contact a magistrate judge so that the possibility of settlement discussion with the assistance of a magistrate judge can be pursued.

3. All prediscovery disclosures required by Rule 26(a)(1) must be exchanged by the parties, but not filed with the court, on or before **September 15, 2024**.

4. The parties have until **December 1, 2024** to move to join additional parties and to amend the pleadings. Any party seeking to amend a pleading must comply with D.S.D. Civ. LR 15.1.

5. All discovery, excluding expert discovery, must be commenced in time to be completed by **April 30, 2025**. A maximum of **15** interrogatories, **15** requests for production, and **15** requests for admissions by each party are allowed, and responses thereto are due thirty days after service. Discovery responses must be supplemented as additional information becomes available. Discovery disputes must be called promptly to the Court's attention by the making of an appropriate motion and do not justify not adhering to this pretrial schedule.

6. All expert discovery must be completed by **May 1, 2025**. Motions to compel discovery should be filed within **14** days after the subject matter of the motion arises, unless a longer period is necessitated for complying with the meet-and-confer requirement of Rule 37(a)(1) of the Federal Rules of Civil Procedure. Motions to compel discovery must not be filed until the parties have complied with Fed. R. Civ. P. 37(a)(1) and D.S.D. Civ. LR 37.1.

7. There will be a maximum of **10** depositions of fact witnesses for each party, excluding depositions of experts. Each party will be allowed to take up to **5** expert depositions. Depositions must be limited to no more than seven hours each.

8. The identity of experts under Rule 26(a)(2) are due from Plaintiff by **December 31, 2024**, and from Defendant by **December 31, 2024**. Reports from expert witnesses under Rule 26(a)(2) will be simultaneously produced by the parties on **February 14, 2025**. The parties will simultaneously produce any rebuttal reports from experts on **March 16, 2025**. Any supplementations thereto under Rule 26(e) are due twenty days prior to trial. Disclosures and reports under Rule 26(a)(2) are not filed with the Clerk. Any expert not so designated will not be permitted to testify at trial.

9. Each party's disclosure must identify each expert and state the subject matter on which the expert is expected to testify. The disclosure of expert reports must include a written report prepared and signed by the witness. As required by Fed. R. Civ. P. 26(a)(2)(B), the report must contain:

    a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

    b. The compensation to be paid for the study and testimony;

    c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

    e. The data or other information considered by the witness in forming the opinions; and

    f. Any exhibits to be used as a summary of or support for the opinions.

10. All motions, other than motions in limine, together with supporting briefs, must be filed and served on or before **June 15, 2025**. Opposing parties must file and serve any answering materials and briefs within twenty-one days. Reply briefs, if any, must be filed and served within fourteen days.

3

11. If no motions are pending when the motion deadline passes, within **14** days of the motion deadline, counsel for the parties shall contact this Court to schedule a pretrial conference for purposes of setting at trial date and pretrial filing deadlines. If a motion is pending or filed at the motions deadline, counsel for the parties shall contact this Court within 14 days after the reply brief deadline passes to advise on whether they request a hearing on pending motions and to schedule such a hearing if they or this Court so desire.

12. This Rule 16 Scheduling Order may be modified by the Court upon a joint motion of the parties or a formal motion, but a showing of good cause for the modification must be made. DATED this 27th day of August, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
United States District Judge